IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE CO., <br><br> *Plaintiff,* <br><br> v. <br><br> TEMP IT GROUP, LLC, <br><br> *Defendant.* | CIVIL ACTION <br> NO. 24-5499 |

Pappert, J.                                                                                           November 25, 2025

### MEMORANDUM

Mesa Underwriters Specialty Insurance Company sued Temp It Group, LLC, seeking a declaration that it has no duty to defend or indemnify Temp It in an underlying action in the Superior Court of New Jersey. Temp It failed to respond or otherwise participate, so Mesa obtained an entry of default and moved for default judgment under Rule 55(b)(2). The Court denied Mesa's motion without prejudice because Mesa did not meet its burden of showing process was properly served on Temp It. Mesa now files its second motion for default judgment, which the Court grants.

I

Mesa issued a commercial general liability insurance policy to Temp It, a general contracting company in Bensalem, Pennsylvania, for the period July 16, 2021 to July 16, 2022. (Compl. for Declaratory J. ¶¶ 5, 12, 15, Dkt. No. 1.) Temp It was the "general contractor and subcontractor" at a construction site on October 23, 2021, when Carlos Alberto Vasquez Ramirez, a roofer working at the site, was allegedly injured on the job. (*Id.* ¶¶ 11, 12, 14.) Ramirez sued Temp It in the Superior Court of New Jersey, alleging

1

Temp It failed to provide a safe work environment. (*Id.* ¶ 13.)[1] Mesa is currently defending Temp It in the underlying action, subject to a reservation of its rights to "disclaim any duty to defend or indemnify Temp It" and to "file a declaratory judgment action to determine the coverage available." (*Id.* ¶¶ 25–29; *Id.* Ex. D, Reservation of Rights Letter, Dkt. No. 1–6.)

The commercial general liability policy Mesa issued to Temp It excludes from coverage:

> "Bodily injury" to:
> 1. An "employee" arising out of and in the course of:
>    a. Employment by any insured; or
>    b. Performing duties related to the conduct of any insured's business; or
> 2. A "temporary worker" or "volunteer worker" arising out of and in the course of performing duties related to the conduct of any insured's business; [or]
> 3. A contractor and any persons working for or on its behalf arising out of and in the course of performing work related to the conduct of any insured's business; []
> 4. []
>
> This exclusion applies whether an insured may be liable as an employer or in any other capacity; and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

(*Id.* Ex. C, Policy at 31, Dkt. No. 1-5.) Mesa filed this declaratory judgment action on October 16, 2024, contending it has no obligation to defend or indemnify Temp It because the policy excludes the injury alleged in the underlying action. (*Id.* ¶¶ 31–36.)[2] On December 11, 2024 the Clerk of Court

---

[1] *Ramirez v. Temp It. Group, LLC, et. al.*, No. MER-L-1981-22 (N.J. Super. Ct., Law Div., Mercer Cty, filed Nov. 22, 2022).

[2] "The Declaratory Judgment Act provides that, '[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (quoting 28 U.S.C. § 2201(a)).

entered default against Temp It for failure to plead or otherwise defend. (Dkt. No. 10). Mesa now moves for default judgment. (Pl.'s Second Mot. for Default J., Dkt. No. 13.)

II

Before the Court can enter default judgment, it must find that process was properly served. *Gold Kist, Inc., v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985). A corporation can be served: (1) by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(1) & 4(h)(1)(B). Under Pennsylvania law, service of process on a corporation may be effected by:

> [H]anding a copy to any of the following persons:
>
> (1) an executive officer, partner or trustee of the corporation or similar entity, or
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
> (3) an agent authorized by the corporation in writing to receive service of process for it.

Pa. R. Civ. P. 424. It is Mesa's burden to demonstrate proper service.

A person "for the time being in charge" must be "an individual with some direct connection to the party to be served or one whom the process server determines to be authorized, on the basis of her representation of authority, as evidenced by the affidavit of service." *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 486 (3d Cir. 1993). Such a person should either "derive or appear to derive authority from the party

upon whom service is attempted." *Id.* at 486. "[T]here must be a sufficient connection between the person served and the defendant to demonstrate that service was reasonably calculated to give the defendant notice of the action against it." *Cintas Corp. v. Lee's Cleaning Services, Inc.*, 700 A.2d 915, 920 (Pa. 1997).

Process server Thomas J. Crean, Jr. served the summons and complaint on "Lisa S.," the "Person in Charge" at Temp It's principal place of business, on October 23, 2024. (Aff. of Corporate Service, Dkt. No. 3.) And on April 18, 2025, process server Robert Wagner served the summons and complaint on Lisa Walsh, a "person authorized to accept" service on behalf of Temp It, at Temp It's principal place of business. (Pl.'s Second Mot. for Default J. Ex. F, Dkt. No. 13–9.) Serving process on a person "whom the process server determines to be authorized" to accept service, *Grand Ent. Grp., Ltd.*, 988 F.2d at 486, is "reasonably calculated to give [Temp It] notice of the action against it," *Cintas Corp.*, 700 A.2d at 920, and demonstrates that Temp It was properly served.[3]

### III

#### A

Before the Court can enter a default judgment, it has "an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006) (citations and internal quotation marks omitted). Mesa bears the burden of proving personal jurisdiction, and may do so "with a *prima facie* showing," based on "pleadings, bolstered by [] affidavits and other

---

[3]  Mesa also sent the summons and complaint via USPS first-class certified mail to Temp It's principal place of business on April 21, 2025. Michael Walsh, Temp It's sole member, signed as recipient. (Pl.'s Second Mot. for Default J., Ex. G, Dkt. No. 13–10.) Pennsylvania Civil Rule 424 does not permit service on a corporation by certified mail. But Mr. Walsh's signature reinforces the "connection between [Ms. Walsh] and the defendant to demonstrate that service was reasonably calculated to give the defendant notice of the action against it." *Cintas Corp.*, 700 A.2d at 920.

written materials." *Id.* (quoting *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005)). A plaintiff satisfies this *prima facie* standard by presenting facts that, if true, would permit the Court to exercise personal jurisdiction over the defendant. *Action Mfg. Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 418–19 (E.D. Pa. 2005).

There are two types of personal jurisdiction: general and specific. "A court with general jurisdiction may hear *any* claim against that defendant." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 582 U.S. 255, 262 (2017) (emphasis in original). For a corporation, the "place of incorporation [or formation] and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (cleaned up). Courts have applied the *Daimler* rules to limited liability companies, like Temp It, with "equal force." *Finn v. Great Plains Lending, LLC*, No. 15-4658, 2016 WL 705242, at *3 n.3 (E.D. Pa. Feb. 23, 2016). Mesa alleges Temp It is "formed in the Commonwealth of Pennsylvania with its principal place of business" in Bensalem. (Compl. for Declaratory J. ¶ 5.) The Court may exercise general personal jurisdiction over Temp It.

B

Federal courts have subject matter jurisdiction over state-law claims when there is complete diversity of citizenship between the litigants and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. In a declaratory judgment action, the amount in controversy is "measured by the value of the object of the litigation." *Hunt v. Wash. St. Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). "In an insurance coverage declaration action, courts look to the value of the insurance policy and the damages alleged in the underlying case to determine whether the jurisdictional amount in

controversy has been met." *Homesite Ins. Co. v. Neary*, No. 17-2297, 2017 WL 5172294, at *2 (E.D. Pa. Nov. 8, 2017) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995).

Mesa alleges it is incorporated and operates its principal place of business in New Jersey.  (Compl. for Declaratory J. ¶ 4.)  The parties are diverse.  And the Policy provides a liability limit of $1,000,000.00 per occurrence and $2,000,000.00 in aggregate, (*Id.* ¶ 15), so the amount in controversy exceeds $75,000.00.  *See United States Fid. & Guar. Co. v. Lehigh Valley Ice Arena, Inc.*, No. 03-5700, 2004 WL 741365, at *1 n.2 (E.D. Pa. Mar. 4, 2004) (holding that the amount-in-controversy requirement was satisfied because "[t]he subject matter of this action is an insurance contract with a policy limit of $1,000,000.00").

## IV

Before entering a default judgment, the Court must "ascertain whether the unchallenged facts constitute a legitimate cause of action."  *Serv. Emps. Int'l Union v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018).  "A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

Under Pennsylvania law, "the interpretation of an insurance contract regarding the existence or non-existence of coverage is generally performed by the court." *Gardner v. State Farm Fire & Ca. Co.*, 544 F.3d 553, 558 (3d Cir. 2008) (quoting *Donegal Mut. Ins. Co. v. Baumhammers*, 938 A.2d 286, 290 (Pa. 2007)).  "When the

language of the policy is clear and unambiguous, we must give effect to that language." *Baumhammers*, 938 A.2d at 290.

"An insurer's duty to defend its insured in a lawsuit is broader than its duty to indemnify," so if an insurer has no duty to defend, it has no duty to indemnify. *Ramara, Inc. v. Westfied Ins. Co.*, 814 F.3d 660, 673 (3d Cir. 2016). The duty to defend arises if the underlying allegations could potentially fall within the policy's coverage. *Air Prods. & Chems v. Hartford Accident & Indem. Co.*, 25 F.3d 177, 179 (3d Cir. 1994). The Court must compare "the four corners of the insurance contract to the four corners of the underlying complaint," taking the underlying complaint's allegations as true and liberally construing them in favor of coverage. *Vitamin Energy, LLC v. Evanston Ins. Co.*, 22 F.4th 386, 392 (3d Cir. 2022) (cleaned up). The factual allegations in the underlying complaint, not the causes of action formally pled, control the Court's analysis. *Mut. Benefit Ins. Co. v. Haver*, 725 A.2d 743, 745 (Pa. 1999).

The policy language unambiguously excludes bodily injury to a "contractor and any persons working for or on its behalf arising out of and in the course of performing work related to the conduct of any insured's business." (Policy at 31.) The "exclusion applies whether an insured may be liable as an employer or in any other capacity." (*Id.*) The accident alleged in the underlying complaint is not covered by the policy and Mesa is not obligated to defend Temp It. *Cf. Atain Ins. Co. v. V2 Props., LLC*, No. 22-288, 2022 WL 16639284, at *3 (E.D. Pa. Nov. 2, 2022).

V

The Court must evaluate three additional factors before granting default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant

appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F. 3d 154, 164 (3d Cir. 2000). When the defendant has failed to appear, evaluation of the factors tends to be "perfunctory" because "the analysis is necessarily one sided." *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 272 (E.D. Pa. 2014) (cleaned up).

The first factor favors default judgment because a plaintiff will generally always "be prejudiced absent a default judgment when a defendant fails to respond to the plaintiff's claims because the plaintiff will be left with no other means to vindicate [them]." *United States v. Tran*, No. 21-730, 2022 WL 159734, at *2 (E.D. Pa. Jan. 18, 2022) (internal quotation marks omitted). Temp It has failed to appear or otherwise defend this suit.

The second factor, whether the defendant has a litigable defense, favors default judgment because "the court may presume that an absent defendant who has failed to answer has no meritorious defense." *Joe Hand*, 3 F. Supp. 3d at 271–72 ("[I]t is not the court's responsibility to research the law and construct the parties' arguments for them").

The third factor, whether defendant's delay is the result of culpable conduct, is at least neutral and at most favors default judgment. Some courts deem the third factor neutral where, as here, the defendant's motivations for not participating in the litigation are unclear. *See State Farm Fire & Cas. Co. v. Hunt*, No. 14-6673, 2015 WL 1974772, at *5 (E.D. Pa. May 4, 2015). Others have found the failure to engage in litigation sufficient to establish culpable conduct. *See Penumella v. Pham*, No. 22-1197,

8

2023 WL 9004918, at *5 (E.D. Pa. Dec. 28, 2023).  On balance, the third factor favors granting Mesa's motion.

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
Gerald J. Pappert, J.

9